# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PROSLIDE TECHNOLOGY, INC.,**

      **Plaintiff,**

v.                                                    Case No: 6:20-cv-2189-CEM-DCI

**WHITEWATER WEST INDUSTRIES, LTD.,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration with oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **Defendant's Motion to Compel (Doc. 79)** |
| **FILED:** | September 6, 2022 |
| **MOTION:** | **Defendant's Time Sensitive Motion to Modify Amended Case Management and Scheduling Order (Doc. 80)** |
| **FILED:** | September 6, 2022 |

**THEREON** it is **ORDERED** that Defendant's Motion to Compel and Motion to Modify Amended Case Management and Scheduling Order (Docs. 79, 80) are **GRANTED in part**.

By Order dated August 9, 2022, the Court granted the parties' request to extend the Court's original deadlines and subsequently entered the Amended Case Management and Scheduling Order (Amended CMSO). Docs. 76, 77. Pending before the Court are Defendant's Motion to Compel Plaintiff's Compliance with the Joint E-Discovery Stipulation (Doc. 79) (the Motion to

Compel) and Motion to Modify the Amended CMSO (Doc. 80) (the Motion to Modify).  On October 6, 2022, the Court conducted a hearing on Defendant's motions.[1]

Defendant's Motion to Compel is centered around an ESI dispute related to a request for email from five custodians—the dispute concerns both the selection of custodians and the search terms to be used.  As stated on the record at the hearing, pursuant to Federal Rule Civil Procedure 26(b)(1), Defendant's proposed search terms are too broad and not proportional to the needs of the case; a proximity limiter of "within-50-words" is warranted.[2]  In addition, the Court finds that Defendant may substitute two of its five requested custodians but must pay the reasonable costs incurred unnecessarily by Plaintiff in reliance upon Defendant's original request.[3]

As to the Motion to Modify, Defendant did not establish the good cause (and the exercise of diligence)[4] necessary to justify its requested extensions to the Amended CMSO—a request that included moving the trial four months.  But, as stated at the hearing, the Court finds that a limited

---

[1] The Court also heard argument on Defendant's Motion for Issuance of Letters Rogatory.  Doc. 82.  The Court granted that motion at the hearing and entered a separate order.  Doc. 107.

[2] Defendant requested that search terms be connected using a Boolean "AND."  Doc. 81 at 2. Plaintiff sought to use a "within-five-word" proximity limiter. *Id* at 3.

[3] After selecting custodians pursuant to the E-Discovery Stipulation, Defendant attempted to substitute two custodians.  Doc. 79 at 2.  Plaintiff objected to the "late change of custodians" as unduly burdensome.  Docs. 79-1; 79 at 1-2; 81 at 1-2.  The cost-shifting here eliminates any undue burden.

[4] A case management and scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "This good cause standard precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *See Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (per curiam) (internal quotation marks omitted).

modification of the schedule is appropriate to allow the parties to complete the ESI production at issue in the Motion to Compel.[5]

For the reasons stated at the hearing, it is **ORDERED** that:

1. Defendant's Motion to Compel (Doc. 79) is **GRANTED in part** to the extent that, **on or before November 7, 2022**, Plaintiff shall produce non-privileged emails for the five custodians at issue in the Motion to Compel.  Plaintiff's search of the five custodians' emails shall be conducted with a proximity limiter of within-50-words of the applicable search term.[6]  The remainder of the Motion (Doc. 79) is **DENIED**.

2. If, as stated at the hearing, the parties cannot agree on the amount of costs incurred by Plaintiff that should be shifted, Plaintiff may file a motion for quantification of the cost **on or before November 23, 2022**; and

3. Defendant's Motion to Modify (Doc. 80) is **GRANTED in part** to the extent that the Court's deadlines established in the Amended CMSO (Doc. 77) are extended as follows:

| Event | Deadline |
| --- | --- |
| Fact Discovery Deadline | October 14, 2022 |

---

[5] While initially opposed, Plaintiff agreed at the hearing to a limited extension of certain deadlines and to produce the two substituted custodians' emails given the Court's ruling on the Motion to Compel and so long as Plaintiff's costs were shifted in relation to Defendant's original list of custodians.

[6] The Court notes that according to the Joint E-Discovery Stipulation, each requesting party will limit its email production request to a total of ten search terms per custodian.  Doc. 79-1 at 9.

| | |
|---|---|
| Limited Extension to Fact Discovery Deadline (*for the Limited Purpose of producing the ESI at issue in the Motion to Compel (Doc. 79) and to conduct any non-expert depositions*) | November 23, 2022 |
| Plaintiff's expert report disclosure | December 5, 2022 |
| Defendant's expert report disclosure | December 19, 2022 |
| Rebuttal expert report disclosure | January 6, 2023 |
| Completion of discovery and motion to compel discovery[7] | January 20, 2023 |
| Mediation | February 6, 2023 |
| Dispositive and *Daubert* motions | February 10, 2023 |
| Joint pretrial meeting | April 28, 2023 |
| Filing of the joint final pretrial statement; any other motions, including motion in limine; jointly proposed jury instructions and jointly proposed verdict form | May 8, 2023 |
| Trial Status Conference | MAY 18, 2023 at 10:00 AM in Courtroom 5B |
| Trial Term | JUNE 2023 |

The remainder of the Motion (Doc. 80) is **DENIED**. In particular: (a) this extension in no way relieves the parties of other obligations and deadlines set forth in the Amended Scheduling Order, including the deadlines for dispositive and *Daubert* motions and the trial deadlines; (b) this extension shall not be the basis for seeking relief from the Scheduling Order; (c) this extension assumes that there will be no disputes regarding discovery within

---

[7] The parties agreed at the hearing that the Amended CMSO's January 16, 2023 deadline for the "Completion of discovery and motion to compel discovery" relates only to expert discovery. *See* Docs. 25; 77 at 2.

the limited extended fact discovery period, and the Court will not entertain any motions pertaining to such disputes.  The Amended CMSO (Doc. 77) otherwise remains in effect.

**ORDERED** in Orlando, Florida on October 7, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE