UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PROSLIDE TECHNOLOGY INC.,

    Plaintiff,

vs.

WHITEWATER WEST INDUSTRIES, LTD.,

    Defendant.

Case No.: 6:20-cv-02189-CEM-DCI

**DEFENDANT'S REPLY REGARDING ITS MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION**

Unable in its opposition to refute the underlying facts upon which WhiteWater brings Summary Judgment, ProSlide unsuccessfully attempts to fabricate material facts in dispute by: (i) contradicting verified discovery responses; (ii) having experts walk back key portions of their report; and (iii) introducing alleged extrinsic evidence, disconnected in time and context from the facts at issue before this Court. Each such effort fails as a matter of law and is contradicted by irrefutable evidence presented in WhiteWater's moving papers. Summary judgment is warranted to end ProSlide's ill-conceived lawsuit and avoid any further waste of judicial resources.

## I.   THE INVENTORSHIP OF THE '508 AND '783 PATENTS IS WRONG

Conception is the "formation in the mind of the inventor, of a definite and permanent idea of the complete and operative invention, as it is hereafter to be applied in practice." *Hybritech Inc. v. Monoclonal Antibodies Inc.*, 802 F.2d 1367, 1376 (Fed. Cir. 1986). ProSlide offers nothing—[REDACTED]

1

███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████

Nor does a possibility of correcting inventorship avoid summary judgement. *See Cobra Int'l, Inc. v. BCNY Int'l, Inc.*, 2014 WL 11321375 *1, *8 (S.D. Fla. Sept. 22, 2014).[1]

## II.   THE ON-SALE BAR INVALIDATES THE DESIGN PATENTS

To defeat summary judgement, Rule 56(e) requires that a party moved against respond with affidavits, depositions, or otherwise, in order to reflect that there are material facts in dispute. However, a party cannot create a dispute as to a material fact

---

[1] Further, ProSlide's opposition offers no evidence that Biggs, a former employee, or the unidentified inventor of claim 24 have assigned their rights to ProSlide. *See Magnetar Techs. Corp. v. Six Flags Theme Parks, Inc.*, 2014 WL 547712, *8-*9 (D. Del. 2014) (correcting inventorship would result in plaintiff's loss of standing where missing inventor was not required to assign his interest in the patent).

2

by presenting evidence that contradicts "previously given clear testimony." *Van T. Junkins & Assocs., Inc. v. U.S. Indus., Inc.*, 736 F.2d 656, 657 (11th Cir. 1984) ("When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony."); *see also Lawver v. Hillcrest Hospice, Inc.*, 300 F. App'x 768, 771–72 (11th Cir. 2008) (affidavit was inconsistent with prior testimony and disregarded as a sham); *Pennant v. Convergys Corp.*, 368 F. Supp. 2d 1307, 1312 (S.D. Fla. 2005).

**The D'960 and D'732 Patents:** ▮

▮

▮

▮

▮

▮

▮

▮

▮

▮

▮

▮

3

███████████

███████████

███████████

███████████

██████████

**The D'804 Patent:** ██████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

███████████

████████

BN 75805562v1



### III. THE '508 AND '783 PATENTS ARE INVALID FOR INDEFINITENESS

Rather than face the intrinsic evidence, ProSlide repeatedly relies on extrinsic evidence that has *zero* bearing on the meaning of the claim terms at issues ▮ ▮ that used different claim language and other extrinsic evidence not even addressed by its own expert), all a tacit admission that the intrinsic does not support ProSlide. ProSlide's lead argument, that the 41 terms at issue, by their numerosity, should mean that WhiteWater is in the wrong is without merit—at the root of the indefiniteness are only a handful of issues. Moreover, these issues were raised at claim construction in May 2022, making ProSlide's inability to defend their patents based on relevant evidence clearly fatal.

**"Pitch/Roll" Terms:** ProSlide's avoidance of the intrinsic evidence is also telling as its litigation counsel includes David Reese, who prosecuted *these* patents. For example, it argues that "even laypersons are aware that objects such as aircraft, boats, ships . . . can have pitch and roll angles despite having mostly or entirely curved surface" (Opp. 14), but moving vessels are *not* waterslides or even remotely in the same field of art. And, for airplanes, the roll axis is defined to coincide with the direction of

5

motion of the airplane (Reply Taché Decl. ¶ 6, Ex. 41 (Dict. of Math. 2008)), whereas as here we are dealing with "pitch" and "roll" of parts of a static waterslide.



**"Sliding Surface":** The elephant in the room, here, is ProSlide's complete silence as to the fact that the specification says riders *do not need to slide on the sliding surface at all* (*cf.* Mot. 22). It simply does not address this critical intrinsic evidence,

BN 75805562v1

which undermines its entire opposition. It concomitantly fails to address the uncertainty as to the boundary of the "sliding surface" with respect to the surface of the "outer lip" that encircles, even as it misrepresents WhiteWater's motion as exclusively focused on the boundary lines 111 and 113 as to the inrun and outrun.

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████ The patent claims require the sliding surface to be defined so that one can then determine the pitch and roll angles *of* the sliding surface and measure its radius at different points, including "where sliding surface *meets* the inrun" (*e.g.*, '783 Patent, Claim 31). The introduction of a new uncertain term not in the intrinsic evidence confirms the indefiniteness; it does not cure it. And, again, ProSlide's erroneous appeal to improper extrinsic evidence (*e.g.*, WhiteWater's later-filed patents that use different terms (riding surface)) is not proof of definiteness. *Nautilus, Inc. v. Biosig Instruments, Inc.*, 572 U.S. 898, 901, 908 (2014).

**"Inner/Outer Boundary" Terms:** ProSlide's claim that WhiteWater is incorrect that anything below lines 111 and 113 is not part of the sliding surface is baffling. The transition lines coincide with described shape of the "sliding surface" as a "sector of a closed curve," which *requires* the lines (5:45-53; Taché Decl. Ex. 36 (Stevick CC Decl.) ¶¶ 226-31 (showing sector of closed curve)). Thus, referring to FIG. 1A, the patent describes the area below transition lines 111 and 113 as not the sliding surface. 4:56-63; Taché Decl. Ex. 36 ¶¶130-35. The "inner lip" is depicted as below transition lines 111 and 113 in FIG. 1A. Likewise, the "inner core" portion, shown in

7

FIG 14A, is below the point labeled 1436 (136 in FIG 1A) where transition lines 111 and 113 are said to meet. The "inner lip" and "inner core" cannot form a boundary of the sliding surface if it is located in an area where there is no sliding surface. As to the outer boundary terms, an "outer lip" cannot be an "outer boundary" if it has no specific boundary. ProSlide cannot have a smooth transition and a finite boundary. They are inherently opposite and inconsistent. Taché Decl. Ex. 36 ¶¶ 142-146.

**"Radius Terms":** Neither ProSlide nor its expert Mr. Young ever explain how from the intrinsic evidence a POSA would be able make any of the radius measurements required by the claims. Opp. 22. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ This only confirms indefiniteness. ProSlide not only fails to address how a POSA would determine where to put down a compass needle to measure a radius, but also where to put down the pencil, such as in Claims 9, 15, and 31 of the '783 Patent, which require knowing where the "inrun" ends and "sliding surface" begins (Opp. 21-22 (does not address this)). Nor does Dr. Stevick's testimony about compound curve radius, untethered to claim language help ProSlide.

**"Substantially Planar" and "Planar Surface" Terms:** ProSlide's argument in a nutshell is that its own expert, Mr. Young, had no trouble applying the claim terms

8

to find that the accused products infringe, therefore, the claim terms must not be indefinite. Unfortunately for ProSlide, that is not the correct legal standard. It also repeatedly turned to other irrelevant extrinsic evidence, such as a WhiteWater patent filed years later that uses different terms. ProSlide needed to address the intrinsic evidence, not run from it. ProSlide's only response regarding the indefiniteness of these terms is (1) to point to irrelevant instances where others used the terms in other contexts, (2) to interject a new claim construction, and (3) to rely on improper exstrinsic evidence. WhiteWater does not argue that terms of degree are inherently indefinite. *See* Opp. 22. To the contrary, these particular terms—"substantially planar" and "planar surface"—are indefinite based on how they are used in the '508 Patent.

ProSlide has failed substantively to address the evidence of indefiniteness of the '508 and '783 Patents and WhiteWater's motion should be granted.

## IV. THE '111 AND '480 PATENTS ARE INVALID FOR INDEFINITENESS

**"Non-Predetermined Path":** ProSlide again relies on claim constructions not presented to the Court, and which contradict arguments previously presented by ProSlide.[2] ProSlide now argues that "non-predetermined path" means that the path "can vary from rider to rider." ProSlide's position at claim construction was that the path was "not known beforehand." This untimely substitution of claim construction cannot form a basis for overcoming the motion for summary judgment. *Donaldson Co. v. Baldwin Filters, Inc.,* No. 09-CV-1049 PJS, 2011 WL 2183179, at *8–9 (D. Minn.

---

[2] *See* Mot. to Strike Young Expert Report (Doc.188) regarding shifting claim constructions.

9

June 6, 2011); *Biovail Labs. Int'l SRL v. Abrika, LLLP*, No. 04-61704-CIV, 2006 WL 8430149, at *1–2 (S.D. Fla. Jan. 20, 2006).

ProSlide's Orlando to Chicago argument is premised on language in the claim that directly contradicts their proposed construction. Insisting that the ride path have an upward component, it cannot be a path that is "not known beforehand" as in ProSlide's construction to the Court. Thus, ProSlide's argument must fail.

**Missing Antecedents for "Path" and "Exit":** It cannot be disputed that claim 1 of the '111 Patent introduces *two contradictory paths*: "a non-predetermined path from an entry to an exit" and "a path which is at least partly upward." Claim 9 also requires "the ride path" to cross under the entry. It is unclear whether the "ride path" of Claim 9, is non-predetermined or has an upward trajectory when it crosses under the entry. That there are two different claim terms is a *matter of law* for the Court to decide based on the plain language of the claims. Claim 9 is invalid for lack of antecedent basis.

Likewise, Claim 11 includes two possible exits (one from Claim 1 from which it depends and one introduced in Claim 11) without guidance on which exit is intended. ProSlide's intentions aside, *the specification and claims* ('111 Patent, claim 1, claim 11, 6:38-46), confirm that two exits exist. Thus, claim 11 is invalid.

**"Adjacent" and "Substantially Perpendicular" Terms:** The issue is not whether use of these terms is definite in other instances outside ProSlide's patents. WhiteWater does not assert that terms of degree are *always* indefinite. Rather, the issue is that *ProSlide's* use of these terms in the '111 and '480 patents, respectively are

10

indefinite. Both "adjacent" and "substantially perpendicular," as used in the asserted patents, do not provide any objective boundary to a POSA as to whether or not a product infringes; rendering the terms indefinite and the associated claims invalid.

## V.   THE TAILSPIN DOES NOT INFRINGE THE '783 PATENT

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████

ProSlide should not be allowed to create an issue of material fact by contradicting Mr. Young's opinions regarding the "sliding surface." ████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████

Again, ProSlide improperly relies on a new claim construction, not presented to the Court and contradicting the teachings of the patent as to "height with respect to the sliding surface" element. ████████████████████████████████

██████████████████████████████████████████████████████ are fictional creations not reflective of the "facts" and should be ignored.

## VI.   THE ORBITER DOES NOT INFRINGE THE '508 & '783 PATENTS

████████████████████████████████

11

██████████████████████████████████████ ProSlide's reliance on *Crown Packaging* is misplaced. Unlike in *Crown Packaging*, ██████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████

With respect to the "increase/decrease continuously" ('508 Patent, claim 1) and "radius" ('508 Patent, claim 9) limitations, ProSlide again relies on the same improper interpretation of "sliding surface used in connection with asserting infringement of the TailSpin product. ████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

Relying on a proper meaning of the sliding surface and applying proper measurements to the Orbiter product, no infringement can be found.

ProSlide distorts WhiteWater's argument regarding the "inner core portion defining an inner boundary of the sliding surface"—WhiteWater does not limit the claim terms any one embodiment, but neither can it create one where none exists.

## VII. THE AQUASPHERE DOES NOT INFRINGE THE '111 & '480 PATENTS

ProSlide has not disputed two essential facts establishing noninfringement by the Aquasphere. ████████████████████████████████████████████

12

[REDACTED]

Finally, ProSlide's argument that merely because the product is called Aquasphere, it must meet the claim elements (Opp. 36) is without merit.

## VIII. PARALLEL PURSUIT DOES NOT INFRINGE THE D'804 PATENT

As set forth in the *Daubert* Motion (Doc. 186), Mr. Tanzer's infringement analysis is wrong. But even using ProSlide's approach, there is no infringement. The '804 Patent only claims those portions appearing in solid lines (i.e., inner halves and

13

upper surfaces of the multi-tubular form). Taché Decl., Ex. 8. As shown below, the overall appearance of the accused product is plainly dissimilar.

 

(Fig. 1; Doc. 187-05 ¶ 44, p. 23.) Thus, there is no basis for further analysis.

Even if the next step of the *Egyptian Goddess* analysis is conducted, and Parallel Pursuit is viewed in light of the nearest prior art, there is no infringement. ProSlide argues the King Cobra emphasizes infringement because it is merely a parallel flume ride with capped portions. Opp. 39. **The Parallel Pursuit also includes a parallel flume ride with capped portions** (King Cobra; Parallel Pursuit (WhiteWater0113047)):

 

Summary judgment should be granted since the accused design "could not reasonably be viewed as so similar to the claimed design such that a purchaser familiar with the prior art would be deceived by the similarity." *Egyptian Goddess*, 543 F.3d. at 683.

## IX. CONCLUSION

For the foregoing reasons, WhiteWater's motion should be granted.

DATED:  March 17, 2023                    Respectfully submitted,

                                                   /s/ J. Rick Taché

J. Rick Taché (CA Bar No. 195100)
rtache@buchalter.com
Joanne N. Davies (CA Bar No. 204100)
jdavies@buchalter.com
BUCHALTER, APC
18400 Von Karman Ave., Suite 800
Irvine, CA 92612

Vanessa LeFort (CA Bar No. 260687)
vlefort@buchalter.com
BUCHALTER, APC
1000 Wilshire Blvd., Suite 1500
Los Angeles, CA 90017

Ryan T. Santurri (FL Bar No. 015698)
rsanturri@allendyer.com
Allen, Dyer, Doppelt + Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, Florida 32802-3791

*Attorneys for Defendant WhiteWater West Industries, Ltd.*