# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PROSLIDE TECHNOLOGY, INC.,**

      **Plaintiff,**

v.                                                **Case No: 6:20-cv-2189-CEM-DCI**

**WHITEWATER WEST INDUSTRIES, LTD.,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Plaintiff's Unopposed Motion to Seal Defendant's Motion for Judgment on the Pleadings (Doc. 312) and Three Exhibits (Docs. 312-3 to 312-5) (Doc. 319)** |
| **FILED:** | **September 8, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Plaintiff brings this case against Defendant for patent and industrial design infringement relating to water rides. Pending before the Court is Plaintiff's Unopposed Motion to Seal Defendant's Motion for Judgment on the Pleadings and certain exhibits. Doc. 319 (the Motion). Specifically, Plaintiff seeks to seal "Defendant's Notice of Motion and Motion for Judgment on the Pleadings with Incorporated Memorandum of Law; Motion for Order that Covenant Not to Sue Does Not Divest Court of Jurisdiction over Defendant's Counterclaims." Doc. 312 (Motion for Judgment on the Pleadings). Defendant also filed redacted exhibits in support of its Motion for

Judgment on the Pleadings and Plaintiff requests leave to file unredacted versions of the documents under seal.  Doc. 319 at 1-2 (the Exhibits).[1]

Plaintiff asserts that "some of these documents include non-public information detailing [Plaintiff's] corporate structure and holdings, intellectual property holdings, which is confidential and competition sensitive information."  Doc. 319 at 2.  Plaintiff describes the information as sensitive business information that competitors could use to "formulate strategic positions with regard to [Plaintiff's] corporate structure, licensing activity, and intellectual property."  *Id*. at 3.  Plaintiff points out that the Court previously granted motions to seal other excerpts of the same deposition transcripts.  *Id*. at 4, citing Doc. 195 at 2.  Plaintiff states that it is not aware of a means other than sealing that will preserve its confidentiality interests.  *Id*.

While the Motion is filed pursuant to Local Rule 1.11, Plaintiff cites to no statute, rule, or other order that authorizes the filing of documents under seal in the instant case.  Thus, the filing of documents under seal with the Court is governed by Local Rule 1.11(c), which provides as follows:

> If no statute, rule, or order authorizes a filing under seal, a motion for leave to file under seal: (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason: (A) filing the item is necessary, (B) sealing the item is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing. An order permitting leave under this section must state the reason that a seal is required.

---

[1] Plaintiff describes those filings as (1) Exhibit 2 to the Declaration of Joanne N. Davies in Support of Defendant's Motion (the "Davies Declaration"), an excerpt of a deposition transcript of Raymond T. Smegal dated December 1, 2022 (Doc. 312-3); (2) Exhibit 3 to the Davies Declaration, an excerpt of a deposition transcript of David P. Rozon dated November 15, 2022 (Doc. 312-4); and (3) Exhibit 4 to the Davies Declaration, an excerpt of a deposition transcript of Richard D. Hunter dated November 30, 2022 (Doc. 312-5).  Doc. 319 at 1-2.

Local Rule 1.11(c).

Also, in deciding whether to grant a motion to seal, the Court must remain cognizant of the fact that the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This common law right "is instrumental in securing the integrity of the [judicial] process." *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam) ("The district court must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'") (citation omitted).

With that said, the "right of access does not apply to discovery and, where it does apply, may be overcome by a showing of good cause[,] . . . which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). The Eleventh Circuit explained good cause as follows:

> "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." [*Chicago Tribune Co.*, 263 F.3d] at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

The Motion is due to be denied because Plaintiff fails to demonstrate that the information at issue should be sealed pursuant to Local Rule 1.11 and the Eleventh Circuit's standard for filing records under seal. *See Rosenthal*, 763 F.2d at 1293; *Romero*, 480 F.3d at 1245-46. Plaintiff's assertions that "some of these documents" include non-public information concerning its corporate structure and holdings do not, on their own, provide an adequate basis to seal documents. In other words, Plaintiff's desire for relief, albeit unopposed, will not automatically result in the sealing of records. *Wilson*, 759 F.2d at 1571 (finding that the parties do not have the right to agree on what judicial records should be sealed).[2]

Further, the Motion does not satisfy the requirements of Local Rule 1.11(c). Specifically, Plaintiff statement that it is unaware of means other than sealing that will preserve confidentiality interests is not helpful. Plaintiff's assertion fails to explain why an entire motion contains only confidential information.[3] As such, it is not clear why partial sealing or redacting is not a less onerous alternative. Although the Court may agree that confidential commercial information, as a general matter, could sometimes be appropriately subject to a sealing order, it does not necessarily follow that the protection of such interests requires a complete sealing.

Finally, Plaintiff's reliance on the Court's previous decision to permit certain documents to be sealed (Doc. 319 at 4, citing Doc. 195) is not dispositive of this Motion. The critical

---

[2] Indeed, the Court specifies in the Case Management Scheduling Order (CMSO) that "filing under seal is not authorized by agreement or stipulation." Doc. 276 at 2.

[3] Plaintiff states that "because the redacted information contained in each document provides factual background related to the relief sought in the Motion, partial sealing is inadequate, and the Court should grant Plaintiff's leave to file unredacted versions under seal of Docs. 312, 312-3, 312-4, 312-5." Doc. 319 at 3. The Exhibits are heavily redacted, but the Motion for Judgment on the Pleadings is not. Defendant only redacts part of one footnote. *See* Doc. 312. As such, Plaintiff's statement regarding redacted material does not adequately explain why the Motion for Judgment on the Pleadings should be sealed in its entirety.

distinction here is that Plaintiff seeks to seal the entirety of a dispositive motion and all the underlying exhibits to it, not simply the exhibits or evidence referenced in a motion. Not only is that a significant overreach, but it is also an ineffective solution to the asserted problem. Certainly, the Court does not regularly issue secret, sealed orders in civil cases. And if the information at issue is necessary to the Court's decision, it will likely be in the Court's eventual order on the motion. Thus, the confidential information at issue will likely be publicly available in that eventual order regardless of whether the Court allows the briefing to be sealed. And even if the Court might try to limit the disclosure of confidential information in that eventual order, the fact that the entirety of the motion is sealed precludes the Court from making distinctions between what information might and might not be considered confidential. Of course, if confidential information is not necessary to the Court's decision, it likely should not be included in a motion or response.

For these reasons, the Court is also not persuaded that good cause exists to seal the exhibits. There is a "presumptive common law right to inspect and copy judicial records," *Rosenthal*, 763 F.2d at 1292-93, which "is instrumental in securing the integrity of the [judicial] process." *Chicago Tribune Co.*, 263 F.3d at 1311. Plaintiff seeks to preempt that common law right through the sealing of portions of this Court's docket because, at base, the parties have entered into a confidentiality agreement and the items contain business information. The Court finds that Plaintiff's general interest discussed in the Motion does not outweigh the public's common law right to open proceedings.

Motions such as the one before the Court, if granted, create holes in the tapestry of the common law, weakening the public's understanding of the judicial process and the value of judicial decisions, neither of which can be understood fully if the public docket is marred regularly by

redactions and sealed documents. The Court disfavors requests to seal information from public access, and the Motion does not demonstrate that an exception should be made.

Accordingly, upon due consideration, the Motion (Doc. 319) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on September 26, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE