# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**PROSLIDE TECHNOLOGY, INC.,**

      **Plaintiff,**

v.                                                  **Case No: 6:20-cv-2189-CEM-DCI**

**WHITEWATER WEST INDUSTRIES, LTD.,**

      **Defendant.**

## ORDER

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Defendant's Unopposed Omnibus Motion for Leave to File Under Seal Confidential Materials (Doc. 365)** |
| **FILED:** | **September 29, 2023** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

Defendant has filed fourteen motions *in limine* and a motion to dismiss for lack of standing. Pending before the Court is Defendant's Unopposed Omnibus Motion for Leave to File Under Seal Confidential Materials it relies upon in those filings. Doc. 365 (the Motion). Defendant submits attorney Catherine Marness' declaration in support of the request. Doc. 365-1 (the Declaration).

While the Motion is filed pursuant to Local Rule 1.11, Plaintiff cites to no statute, rule, or other order that authorizes the filing of documents under seal in the instant case. Thus, the filing

of documents under seal with the Court is governed by Local Rule 1.11(c), which provides as follows:

> If no statute, rule, or order authorizes a filing under seal, a motion for leave to file under seal: (1) must include in the title "Motion for Leave to File Under Seal"; (2) must describe the item proposed for sealing; (3) must state the reason: (A) filing the item is necessary, (B) sealing the item is necessary, and (C) partial sealing, redaction, or means other than sealing are unavailable or unsatisfactory; (4) must propose a duration of the seal; (5) must state the name, mailing address, email address, and telephone number of the person authorized to retrieve a sealed, tangible item; (6) must include a legal memorandum supporting the seal; but (7) must not include the item proposed for sealing. An order permitting leave under this section must state the reason that a seal is required.

Local Rule 1.11(c).

Also, in deciding whether to grant a motion to seal, the Court must remain cognizant of the fact that the Eleventh Circuit recognizes a "presumptive common law right to inspect and copy judicial records." *U.S. v. Rosenthal*, 763 F.2d 1291, 1292-93 (11th Cir. 1985) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This common law right "is instrumental in securing the integrity of the [judicial] process." *See Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568, 1571 (11th Cir. 1985) (per curiam) ("The district court must keep in mind the rights of a third party—the public, 'if the public is to appreciate fully the often significant events at issue in public litigation and the workings of the legal system.'") (citation omitted).

With that said, the "right of access does not apply to discovery and, where it does apply, may be overcome by a showing of good cause[,] . . . which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1245-46 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309). The Eleventh Circuit explained good cause as follows:

> "[W]hether good cause exists . . . is . . . decided by the nature and character of the information in question." [*Chicago Tribune Co.*, 263 F.3d] at 1315. In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246.

The Motion is due to be denied because Plaintiff fails to demonstrate that the information at issue should be sealed pursuant to Local Rule 1.11 and the Eleventh Circuit's standard for filing records under seal. *See Rosenthal*, 763 F.2d at 1293; *Romero*, 480 F.3d at 1245-46. First, to the extent Defendant's basis for relief is the parties' previous designation of the materials as "CONFIDENTIAL – OUTSIDE COUNSEL ONLY or CONFIDENTIAL – ATTORNEYS' EYES ONLY" or the terms of the Amended Confidentiality Agreement, the parties do not have the right to stipulate what judicial records will be sealed. *See Wilson*, 759 F.2d at 1571. Local Rule 1.11 specifies:

> PUBLIC RIGHT OF ACCESS. Because constitutional law and common law afford the public a qualified right of access to an item filed in connection with the adjudication of a claim or defense, sealing is unavailable absent a compelling justification. **Sealing is not authorized by a confidentiality agreement, a protective order, a designation of confidentiality, or a stipulation.**

Local Rule 1.11(a) (emphasis added). Defendant's reference to Plaintiff and Defendant's designation throughout the Motion and the Declaration[1] is not an adequate reason to seal the information.

---

[1] For example, Defendant's entire basis for the request to seal Exhibit 1—excerpts from Richard Hunter's deposition—to "Motion *in Limine* No. 9" is that Plaintiff designated the content as confidential under the agreement. Doc. 365-1 at 6-7.

Second, Defendant's statements that the information is "confidential" and is "protected from public disclosure" does not adequately describe the items under Local Rule 1.11(c). Specifically, Defendant's representation that Jason Young's expert report and excerpts from his deposition,[2] certain Bates-stamped emails, and other deposition excerpts are deemed "confidential" does not assist the Court, nor does the repeated statement that the materials contain "highly confidential proprietary technical product design." These statements are conclusory in nature and do not support relief.

Third, Defendant does not adequately address the need to file the documents pursuant to Local Rule 1.11(c)(3)(A) (the motion "must describe the item proposed for sealing; [and] (3) must state the reason: (A) filing the item is necessary"). Attorney Marness lists the motions *in limine* and generally states why *sealing* may be necessary, but does not explain why the items (e.g., the specific depositions, reports, etc.) must be *filed*. Accordingly, the Motion is violative of the Local Rules. Time and again, the Court sees parties filing and attempting to file unnecessary and redundant documents, which, in part, is why a party seeking to seal a document must simultaneously explain why it is necessary to file the document they seek to seal, not just why the document, if filed, should be sealed.

Finally, Defendant mentions the Eleventh Circuit standard and the factors used to evaluate whether good cause exists but includes no analysis regarding the balance between Defendant's needs and the public right to information. So, its legal memorandum does not support the seal. *See* Local Rule 1.11(c)(6). As the parties have been reminded several times during these proceedings, the parties' decision to enter into a confidentiality agreement and the general

---

[2] Defendant's reliance on the Court's previous decision to permit certain documents to be sealed (Doc. 365-1 at 4, citing Doc. 188; 208-1) is not dispositive of this Motion.

description of items as "confidential" or "propriety" do not outweigh the public's common law right to open proceedings, nor do such descriptions satisfy the Local Rule.

Litigation is an inherently public process. Certainly, the Court does not regularly issue secret, sealed orders in civil cases. And if the information at issue is necessary to the Court's decision, the Court may discuss it in an eventual order. Thus, the confidential information at issue may become public regardless of whether the Court allows the parties to seal their briefing and exhibits. Of course, if the confidential information is not necessary to the Court's decision, the parties should probably not provide it to the Court, sealed or not. *See* Local Rule 1.11(c)(3)(A).

For these reasons, the Court is also not persuaded that good cause exists to seal the exhibits.

Accordingly, the Motion (Doc. 365) is **DENIED**.

**ORDERED** in Orlando, Florida on October 4, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE