UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PROSLIDE TECHNOLOGY INC.,

Plaintiff,

vs.

WHITEWATER WEST INDUSTRIES, LTD.,

Defendant.

Case No.: 6:20-cv-02189-CEM-DCI

**WHITEWATER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES (DKT. NO. 535)**

# Table of Contents


**Page**

I. INTRODUCTION....1

II. LEGAL STANDARD....2

III. ARGUMENT....2

A. ProSlide Is Not the Prevailing Party....2

B. ProSlide's Actions Made This Case Exceptional....4

C. WhiteWater's Litigation Conduct Was Not Exceptional....8

1. WhiteWater's written discovery requests were proper....9
2. WhiteWater's motions to compel were proper....10
3. WhiteWater's other discovery conduct was proper....11
4. WhiteWater's disclosure of its invalidity defenses was proper....12
5. WhiteWater's pretrial conduct was reasonable....14
6. WhiteWater's standing argument was proper....17
7. WhiteWater's trial conduct was proper....17
8. WhiteWater's trial defenses were proper....19

IV. CONCLUSION....20

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Am. Technical Ceramics Corp. v. Presidio Components, Inc.*,
2020 WL 5658779 (E.D.N.Y. 2020) ........ 4

*Beckman Instruments, Inc. v. LKB Produkter AB*,
892 F.2d 1547 (Fed. Cir. 1989) ........ 12

*Boston Scientific Corp. v. Cook Medical LLC*,
2023 WL 2585626 (S.D. Ind. May 22, 2023) ........ 13

*Buccellati Holding Italia SPA v. Laura Buccellati LLC*,
2015 WL 11202358 (S.D. Fla. Mar. 10, 2015) ........ 5

*Cosmo Techs. Ltd. v. Actavis Labs. FL, Inc.*,
2019 WL 1417459 (D. Del. Mar. 28, 2019) ........ 13

*Droplets, Inc. v. Yahoo! Inc.*,
2023 WL 3296171 (N.D. Cal. 2023) ........ 12, 20

*Enovsys LLC v. Nextel Commc'ns, Inc.*,
614 F.3d 1333 (Fed. Cir. 2010) ........ 16

*Exergen Corp. v. Wal-Mart Stores, Inc.*,
575 F.3d 1312 (Fed. Cir. 2009) ........ 1

*F4W, Inc. v. Tracstar Sys.*,
2015 WL 12838856 (M.D. Fla. Apr. 3, 2015) ........ 7

*Finjan, Inc. v. Proofpoint, Inc.*,
2015 WL 9460295 (N.D. Cal. Dec. 23, 2015) ........ 13

*Harris v. M.C. Dean, Inc.*,
2018 WL 8139344 (M.D. Fla. Apr. 10, 2018) ........ 17

*Hatch v. GeoVera Specialty Ins. Co.*,
2019 WL 2515926 (M.D. Fla. June 18, 2019) ........ 16

*Intellectual Ventures II LLC v. FedEx Corp.*,
2019 WL 5784171 (E.D. Tex. 2019) ........ 4

*Lubby Holdings, LLC v. Chung*,
2019 WL 4284509 (C.D. Cal. 2019) ........................................................ 2, 4, 20

*Mass Engineered Design, Inc. v. Planar Sys., Inc.*,
2019 WL 5856429 (D. Or. 2019)............................................................... 12

*Most Worshipful Nat'l Grand Lodge, Free & Accepted Ancient YorkRite Masons, Prince Hall Origin Nat'l Compact, U.S.A. v. United Grand Lodge GA AF & AYM, Inc.*,
2019 WL 12520089 (N.D. Ga. Oct. 15, 2019) .......................................... 10

*Most Worshipful Nat'l Grand Lodge, Free & Accepted Ancient Yorkrite Masons, Prince Hall Origin Nat'l Compact, U.S.A. v. United Grand Lodge GA AF & AYM, Inc.*,
813 F. App'x 455 (11th Cir. 2020)............................................................. 9

*Munchkin, Inc. v. Luv N' Care, Ltd.*,
960 F.3d 1373 (Fed. Cir. 2020) ................................................................. 2

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*,
572 U.S. 545 (2014) ................................................................................... 2

*Packet Intelligence LLC v. NetScout Sys., Inc.*,
2019 WL 1642714 (E.D. Tex. 2019)........................................................... 9

*Pierce Mfg., Inc. v. E-One, Inc.*,
2022 WL 479874 (M.D. Fla. Feb. 16, 2022)............................................... 3

*Power Mosfet Techs., L.L.C. v. Siemens AG*,
378 F.3d 1396 (Fed Cir. 2004) ................................................................... 4

*Radware, Ltd. v. F5 Networks, Inc.*,
2016 WL 4427490 (N.D. Cal. 2016)......................................................... 12

*Rasmussen Instruments, LLC v. DePuy Synthes Prods., Inc.*,
2023 WL 2711072 (D. Mass. 2023)............................................................ 3

*Romag Fasteners, Inc. v. Fossil, Inc.*,
2018 WL 3918185 (D. Conn. Aug. 16, 2018) ............................................. 4

*SiOnyx LLC v. Hamamatsu Photonics K.K.*,
981 F.3d 1339 (Fed. Cir. 2020) ............................................................... 20

*State Indus., Inc. v. A.O. Smith Corp.*,
751 F.2d 1226 (Fed. Cir. 1985) ................................................................. 2

*Stone Basket Innovations, LLC v. Cook Med. LLC*,
892 F.3d 1175 (Fed. Cir. 2018) ........................................................12

*Stragent, LLC v. Intel Corp.*,
2014 WL 6756304 (E.D. Tex. Aug. 6, 2014) ..........................................20

*U.S. Silica Co. v. Amberger Kaolinwerke Eduard Kick Gmbh & Co. KG*,
2023 WL 5279146 (E.D. Tex. 2023)..............................................7, 20

*Uniloc USA, Inc. v. Blackberry Corp.*,
2021 WL 12104812 (N.D. Tex. 2021) ..................................................7

*United Cannabis Corp. v. Pure Hemp Collective Inc.*,
66 F.4th 1362 (Fed. Cir. 2023) .........................................................3

**Statutes**

35 U.S.C. § 285 ..............................................................................1, 2, 4

**Other Authorities**

Rule 50(a)...........................................................................................19

# I. INTRODUCTION

After pursuing a massively bloated range of patent claims, waiting to the end to dismiss the vast majority *with* prejudice, having others (including an entire patent) invalidated at summary judgment, losing on infringement on another patent at trial, forcing each party to spend well into seven or eight figures in fees and costs, and winning a damages award that was only a small fraction of amounts expended—ProSlide now declares itself the "prevailing party," and then insists that WhiteWater's handling of this case was so "exceptional" and unreasonable that ProSlide should be awarded the attorneys' fees it incurred in its exploits. To summarize ProSlide's position is to refute it. And it fares no better when subjected to close scrutiny.

ProSlide is not entitled to § 285 fees because it is not the prevailing party. Even the partial verdict in its favor on the few claims that survived to trial was based on its distorting the claims and the court's constuctions; that path leads to a "short-lived victory at trial." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1324 n.2 (Fed. Cir. 2009); *see* WhiteWater's JMOL and new trial motions, concurrently filed. Just as important, ProSlide's own conduct in unreasonably pursuing this case and magnifying costs negates any claim to fees. ProSlide implicitly conceded the reasonableness of WhiteWater's positions by not seeking summary judgment and pursuing only a narrow JMOL at trial, and the laundry list of complaints it now brings misstates the record and improperly attempts to cast WhiteWater's efforts to combat ProSlide's aggressive litigation tactics as somehow beyond the pale of zealous advocacy. ProSlide's motion should be denied.

## II. LEGAL STANDARD

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." This does not allow for fees against a party simply because it has lost on certain claims, or even on all claims. *Munchkin, Inc. v. Luv N' Care, Ltd.,* 960 F.3d 1373, 1378 (Fed. Cir. 2020); *see also State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1238 (Fed. Cir. 1985) ("Merely losing on the defenses of invalidity and noninfringement is not enough to make a case exceptional."). Rather, the term "exceptional" means uncommon, rare, or not ordinary. *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 545 (2014). Thus, the movant must show that its opponent's litigation conduct was "exceptionally unreasonable," and entailed such unfairness or bad faith that that moving party has suffered a "gross injustice," *Munchkin,* 960 F.3d at 1378; *Lubby Holdings, LLC v. Chung*, 2019 WL 4284509, *2-3 (C.D. Cal. 2019); *Octane Fitness*, 572 U.S. at 555.

## III. ARGUMENT

### A. ProSlide Is Not the Prevailing Party.

Only a "prevailing party" may claim attorney fees under § 285. As discussed at greater length in WhiteWater's separate motion on the subject (Dkt. 534), WhiteWater is the prevailing party, *not* ProSlide. ProSlide's complaint brought eleven counts of infringement, accusing WhiteWater of infringing 193 claims across eight patents. Dkt. 41. At summary judgment, WhiteWater invalidated the asserted '508 Patent in its entirety, and numerous claims of the '783 Patent. Dkt. 305 at 53. Due to WhiteWater's



BN 80357313v2

zealous advocacy, ProSlide was then forced to dismiss *with* prejudice (and to grant WhiteWater a covenant not to sue on) another 100+ claims and four patents, leaving only three percent of its original case—-three patents and seven claims—for trial. *See* Dkt. 395. At trial, the verdict was *mixed*, the jury finding no infringement of the D'804 patent and no willful infringement of the '111 Patent. Dkt. 500. As to two products where the jury found willful infringement, it awarded zero damages as to one of them. *Id.* The total damages of less than $1 million is a small fraction of what each party spent to litigate this case. As it stands, WhiteWater prevailed on eight of eleven counts of infringement asserted in the complaint—and WhiteWater's currently filed JMOL motion, as well as a new trial motion, should make that eleven of eleven counts.

The result is that ProSlide, after losing at least 97% of its asserted claims, cannot pursue most of them against WhiteWater's products in the future, cannot pursue some of them against anyone, and may not be able to pursue even the few that remain. This modifies the parties' legal relationship in WhiteWater's favor. *See United Cannabis Corp. v. Pure Hemp Collective Inc.*, 66 F.4th 1362, 1368 (Fed. Cir. 2023).

Taking the view most charitable to ProSlide, the result is a mixed bag that cannot support an exceptional case finding against WhiteWater. *See Rasmussen Instruments, LLC v. DePuy Synthes Prods., Inc.*, 2023 WL 2711072, at *2 (D. Mass. 2023) ( "[T]he Court finds that this is not an exceptional case. [Plaintiff] did not prevail on all of its claims, as the jury found that neither the Balanced Sizer or the Balancing Blocks infringes the '583 patent, which would suggest its defense of the suit was neither frivolous nor vexatious."); *Pierce Mfg., Inc. v. E-One, Inc.*, 2022 WL 479874, at *2 (M.D.

Fla. Feb. 16, 2022) ("The result was a mixed verdict with both parties getting some of what they wanted and neither party getting all of what it wanted. That is decidedly un-extraordinary, both in terms of the litigation and the result. As a result, the Court does not find this case to be exceptional."); *Am. Technical Ceramics Corp. v. Presidio Components, Inc.*, 2020 WL 5658779, *10-18 (E.D.N.Y. 2020).

**B. ProSlide's Actions Made This Case Exceptional.**

ProSlide accuses WhiteWater of needlessly complicating and prolonging this litigation, but it is ProSlide's own conduct that made this case exceptional. The "conduct of the parties is a relevant factor under *Octane*'s totality-of-the-circumstances inquiry, including the conduct of the movant." *Lubby*, 2019 WL 4284509, *2-3 (quoting *Gaymar Indus., Inc. v. Cincinnati Sub-Zero Prods., Inc.*, 790 F.3d 1369, 1373 (Fed. Cir. 2015)). *See also Power Mosfet Techs., L.L.C. v. Siemens AG*, 378 F.3d 1396, 1415 (Fed Cir. 2004); *Romag Fasteners, Inc. v. Fossil, Inc.*, 2018 WL 3918185, at *5 (D. Conn. Aug. 16, 2018) (analyzing both parties' litigation conduct during the course of the lawsuit when determining if a case is exceptional). "Like equity, he who seeks attorneys' fees under § 285 must have clean hands." *Intellectual Ventures II LLC v. FedEx Corp.*, 2019 WL 5784171, *4-7 (E.D. Tex. 2019) (further noting that under the "totality of the circumstances, the Court finds that Defendants' own bad acts and excessive conduct prevent any award to it of attorneys' fees under § 285"). Courts have refused to award attorneys' fees when "both parties significantly contributed to increasing the

cost of the case" and "the actions of both parties made this case exceptional." *Luv n' care v. Laurain*, 2022 WL 2080313, *5 (W.D. La. 2022).[1]

There is one primary reason that this case cost both sides many millions of dollars in fees and costs, for a tenuous verdict worth a fraction of those amounts: ProSlide began this case as part of a strategic campaign to inflict as much damage and cost to WhiteWater as possible by filing parallel cases in Canada accusing five WhiteWater products of infringing more than 100 patent claims spanning eleven patents and in this case, accusing the same five products of infringing more than 190 patent claims spanning eight patents. *See* Dkt. 41; Taché Dec. ¶ 3. But at trial, ProSlide pursued only seven claims across three patents for four WhiteWater products. From the outset, ProSlide *knew* that it could not bring the vast majority of the meritless claims in its complaint to trial. Despite this, ProSlide steadfastly refused to narrow even a single claim until *after* both fact and expert discovery was complete and only agreed to dismiss such claims *with* prejudice *after* the Court had ruled on WhiteWater's summary judgment motion. *See* Dkt. 109; Dkt. 189-2; Dkt. 311 at *3.

Indeed, in opposing WhiteWater's summary judgment motion, ProSlide *never* argued that it had streamlined any issues for final disposition by the court or jury (Dkt. 231, 250-03), and tacitly conceded that WhiteWater had to pursue all of its defenses

[1] WhiteWater does not concede that its conduct was in any way exceptional. Even if it were, ProSlide should not prevail in its motion. *See also Buccellati Holding Italia SPA v. Laura Buccellati LLC*, 2015 WL 11202358, at *5 (S.D. Fla. Mar. 10, 2015) (case was not exceptional when "all parties contributed to litigating this action in an unreasonable manner" when "both parties were contributors to the unnecessary complication, expense, and length of this litigation" and engaged in "mutual combat." (citation omitted)).

and counterclaims. In July 2023, at a hearing where the Court stated it would rule on WhiteWater's then-pending summary judgment motion, ProSlide again did not argue any purported streamlining or loss of jurisdiction over WhiteWater's defenses or counterclaims. Dkt. 321 at PageID 33680-84.

In fact, ProSlide refused to dismiss its claims with prejudice—as it was ultimately required to do—until *after* the Court ruled on WhiteWater's motion for summary judgment, and *after* the parties had conferred regarding pretrial filings for more than five months. *See* Dkt. 211 (WhiteWater's MSJ filed on February 10, 2023); Taché Dec. ¶ 4 (noting that the first conference related to pretrial filings occurred on or about March 24, 2023); Dkt. 311 (ProSlide describing WhiteWater's request for dismissal of the claims with prejudice as "unwarranted"); Dkt. 329 4:8-5:1 (Plaintiff finally agreeing to dismiss claims with prejudice on September 18, 2023). All the while, ProSlide sought to have WhiteWater's counterclaims dismissed.

ProSlide further complains that WhiteWater made this alleged "routine pretrial practice" into an "overcomplicated and expensive issue." Mot. at 13. This is not a serious argument. WhiteWater was entitled to file a motion related to this issue. *Id.* at 13, 17. *See also* Dkt. 309 at 13:5-8 (Court asking the parties to file the motions by September 11, 2023). Moreover, ProSlide's motion did not cover whether its abandoned claims would be dismissed with or without prejudice, even as it sought to have WhiteWater's counterclaims dismissed. *Cf.* Dkt. 311 at 5 (ProSlide describing dismissal with prejudice as "unwarranted," but otherwise not addressing the issue), *with* Dkt. 312 at 12-13 (WhiteWater seeking dismissal with prejudice).

Whether the claims were dismissed with prejudice is not, as ProSlide claims, "redundan[t]" (Mot. at 13), but directly affected WhiteWater's status as the prevailing party on those claims, and whether ProSlide can seek fees. *See* Dkt. 534 at 8-9; *F4W, Inc. v. Tracstar Sys.,* 2015 WL 12838856, at *3 (M.D. Fla. Apr. 3, 2015); *Uniloc USA, Inc. v. Blackberry Corp.*, 2021 WL 12104812, *1 (N.D. Tex. 2021). ProSlide resisted WhiteWater's efforts to dismiss the abandoned claims *with* prejudice. *See* Dkt. 323 at 7-8. Only after WhiteWater's briefing was filed, at the subsequent hearing on September 18, 2023, did ProSlide offer to dismiss its abandoned claims with prejudice. Dkt. 329 4:13-17. The Court itself was surprised at Plaintiff's about-face. *Id.* 4:24-25 ("I didn't expect that the Plaintiff would agree to the with-prejudice component.").

Only after ProSlide's about-face, were the claims and counterclaims narrowed for trial—any delay was not, as ProSlide claims, attributable to WhiteWater's "inability to compromise". *Cf.* Mot. at 13-14; *see also U.S. Silica Co. v. Amberger Kaolinwerke Eduard Kick Gmbh & Co. KG*, 2023 WL 5279146, *4–5 (E.D. Tex. 2023) (Plaintiff's waiting until "the cusp of trial" to drop claims "factors into the Court's analysis" as to exceptional case and attorney fee award). As such, WhiteWater's efforts were warranted, not exceptional.

ProSlide's litigation campaign forced WhiteWater to collect and produce discovery that was unrelated to claims and products actually pursued at trial, and to have its experts opine on infringement and invalidity across the full range of ProSlide's claims. In total, WhiteWater's and ProSlide's technical experts' submitted more than 2,200 and 1,500 pages of expert reports, respectively. *See* Dkts. 197-01-197-06, 197-08-

197-16. Most of these pages were related to the 100+ claims that ProSlide ultimately lost or were dismissed *with* prejudice. WhiteWater (and the Court) also had to address, in its summary judgment and *Daubert* motions, issues for claims that were never presented at trial. *See, e.g.,* Dkt. 211 at *10-11 (related to the dismissed D'960 and D'732 Patents); at *35-37 (related to dismissed '480 Patent). All of this had a material impact on the cost of this case. In fact, WhiteWater incurred than the [redacted], defending this case. Taché Dec. ¶ 22.

ProSlide's aggressive posture is particularly inexplicable in light of the business realities of the products at issue. The Orbiter, one of the products the jury found to infringe the '783 Patent, was *never* sold in the United States. Unsurprisingly, the jury awarded $0 in damages as to that product. Dkt. 500. ProSlide never sold or even developed a product that practiced the claims-at-issue in the '111 Patent, and it did not file any infringement claims against WhiteWater's Aquasphere until it had been on the market for *seven* years. As to the D'804 Patent claim (which ProSlide lost) and as to the other three design patent claims dismissed *with* prejudice, each concerned a small part of a WhiteWater feature in a single waterslide, each sold at a single water park. Other than a desire to inflict significant cost and harm to WhiteWater, it is unclear why ProSlide felt justified in pursuing these products during the three years of this litigation.

### C. WhiteWater's Litigation Conduct Was Not Exceptional.

In this Motion, ProSlide complains about nearly every action WhiteWater has

taken in this case. This is an improper abuse of the exceptional case provision. *See Packet Intelligence LLC v. NetScout Sys., Inc.*, 2019 WL 1642714, *3 (E.D. Tex. 2019) (patentee improperly took "kitchen sink" approach by casting every losing position of the accused infringer as a frivolous, but "fail[ing] to make an adequate showing that [infringer's] conduct stands out"). It is also wrong on every count.

**1. WhiteWater's written discovery requests were proper.**

ProSlide first complains that WhiteWater delayed proceedings by waiting seven months before issuing its first set of discovery requests. Mot. at 4. Notably, ProSlide served *its* first set of discovery more than *six* months after ProSlide filed its complaint. Taché Dec. ¶ 4. The day after serving its first set of discovery, ProSlide met and conferred with WhiteWater regarding its motion to amend its complaint to add additional claims. *Id.* ¶ 5. WhiteWater did not oppose ProSlide's motion. *Id.* ¶ 6. On June 30, 2021, ProSlide filed its unopposed motion for leave to amend. Dkt. 27. Two weeks later, WhiteWater filed its answer and counterclaims to the amended complaint, with counterclaims (Dkt. 31), and just two days later served its first set of discovery on ProSlide. Taché Dec. ¶ 8. Thus, WhiteWater served its first set of discovery within a couple of weeks of ProSlide serving its own first set and after ProSlide chose to amend its complaint. WhiteWater cannot reasonably be faulted for acting on a similar timeline as ProSlide.

Next, ProSlide accuses WhiteWater of delaying ESI discovery. As noted above, any delay by WhiteWater in seeking ESI was reasonable in light of ProSlide's delayed discovery and ProSlide's filing of another amended complaint. ProSlide cites *Most*

*Worshipful Nat'l Grand Lodge, Free & Accepted Ancient Yorkrite Masons, Prince Hall Origin Nat'l Compact, U.S.A. v. United Grand Lodge GA AF & AYM, Inc.*, 813 F. App'x 455, 461 (11th Cir. 2020), as holding that serving multiple discovery requests shortly before the end of discovery *alone* can subject a party to fees. Mot. at 5. It is mistaken. In that case, the untimely service of discovery left the defendant with insufficient time to respond before the close of discovery. *Most Worshipful Nat'l Grand Lodge, Free & Accepted Ancient YorkRite Masons, Prince Hall Origin Nat'l Compact, U.S.A. v. United Grand Lodge GA AF & AYM, Inc.*, 2019 WL 12520089, at *1 (N.D. Ga. Oct. 15, 2019). Here, ProSlide there were nearly two months left before the discovery deadline—more than enough for a response.

ProSlide also alleges that WhiteWater failed to use "narrowly tailored" search terms, which required Court intervention. Mot. at 5-6. This, too, contorts the facts—ProSlide insisted on a "within 5 words" criterion for search terms, but the Court ruled WhiteWater was entitled to "within 50." Taché Dec. ¶ 8. ProSlide even faults WhiteWater for costs associated with having to store its own documents. Mot. at 6. This is a normal, not exceptional, cost of litigation.

**2. WhiteWater's motions to compel were proper.**

ProSlide also alleges that WhiteWater abused the discovery process by filing and then withdrawing several motions to compel. Mot. at 6-7. Not so. Each motion provides copious detail of WhiteWater's efforts to obtain ProSlide's compliance before filing the motions. Only *after* WhiteWater filed the motions to compel did ProSlide comply with its discovery obligations. *See* Dkts. 110, 112-13, 117, 122, 126.

Moreover, WhiteWater's motions regarding depositions were time-sensitive due to the December 2, 2022 deadline to complete depositions (*see* Dkts. 131 and 144), and not an alleged attempt to ruin Thanksgiving, as ProSlide baselessly asserts. Mot. at 7. Further, the motion to compel was necessitated by ProSlide's failure to adequately prepare a 30(b)(6) deponent for a deposition that occurred *the day before* the motion was filed.[2] Taché Dec. ¶¶ 9-10. And while the motion to compel was denied, so too was ProSlide's request for payment of reasonable expenses, because WhiteWater's arguments were found to be substantially justified. Dkt. 150 at 3.

**3. WhiteWater's other discovery conduct was proper.**

ProSlide raises several other discovery-related complaints, none of which have merit. First, it criticizes WhiteWater for failing to agree to certain requests for admission, even though ProSlide never moved to compel or otherwise sought relief during discovery. Mot. at 7-8.

Second, ProSlide claims that before trial, WhiteWater concealed its ex-employee and later trial witness Rick Briggs. Mot. at 11-12. That is plainly false. WhiteWater disclosed Mr. Briggs as a person with discoverable information in its May 2021 initial disclosures, as well as each amended initial disclosure. Taché Dec. ¶¶ 11-13. In fact, ProSlide initially notified WhiteWater that it intended to depose Mr. Briggs but ultimately it decided not to notice his deposition . *Id.* ¶ 14.

[2] When convenient for it, ProSlide understands that deadlines around holidays are par for the course. ProSlide filed Permanent Injunction and Enhanced Damages Motions that required WhiteWater to respond just before Christmas. And both parties filed motions, including the motion at issue here, a day after Christmas, requiring the parties to work over the New Year.

Third, ProSlide asserts that WhiteWater delayed in producing documents regarding Mr. Briggs's "background and developments in the waterslide industry." Mot. at 12. But these were merely demonstratives (e.g., photos of waterparks he worked on and cover pages of patents he invented)—none of which were used at trial.[3]

**4. WhiteWater's disclosure of its invalidity defenses was proper.**

ProSlide also maintains that WhiteWater prejudiced ProSlide by refusing to disclose before trial the invalidity grounds it intended to pursue. Mot. at 19-20. ProSlide is wrong. Case law makes clear that WhiteWater was not required to make such a disclosure, and that its declining to do so was not exceptional. *See Droplets, Inc. v. Yahoo! Inc.*, 2023 WL 3296171, *8 (N.D. Cal. 2023) (finding that dismissal of invalidity theories during trial was not exceptional); *Mass Engineered Design, Inc. v. Planar Sys., Inc.*, 2019 WL 5856429, *3 (D. Or. 2019) ("Regarding Planar's use of fewer prior art references at trial than before trial, the Court does not find this to stand out. . . . [I]t is not objectively unreasonable for litigants to shift strategies during trial . . . [and] the fact that Planar expended resources on expert testimony relating to the prior art references supports that Planar litigated those prior art references in good faith[.]"); *Radware, Ltd. v. F5 Networks, Inc.*, 2016 WL 4427490, *9 (N.D. Cal. 2016) (defendant's decision to abandon obviousness defense at trial was not exceptional); *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989) ("[M]ere

[3] Importantly, throughout discovery, ProSlide largely failed to provide notice of its belief that it was being subjected to exceptional litigation behavior. *See Stone Basket Innovations, LLC v. Cook Med. LLC*, 892 F.3d 1175, 1181 (Fed. Cir. 2018).

fact that an issue was . . . dropped before trial does not in itself establish vexatious litigation"). Thus, WhiteWater's conduct was not exceptional.

In support, ProSlide relies on three cases, but all are distinguishable. In *Cosmo Techs. Ltd. v. Actavis Labs. FL, Inc.*, 2019 WL 1417459 (D. Del. Mar. 28, 2019), the Court ordered the *plaintiff* to narrow its asserted claims before trial. *Id.* at *1. And in *Finjan, Inc. v. Proofpoint, Inc.*, 2015 WL 9460295 at *1-2 (N.D. Cal. Dec. 23, 2015) and *Boston Scientific Corp. v. Cook Medical LLC*, 2023 WL 2585626 at *1-2 (S.D. Ind. May 22, 2023), the defendants pled large groupings of prior art references which they were "mixing and matching" from a "broad menu" and which yielded "north of two hundred possible obviousness combinations."[4] None support the premise that "ProSlide was entitled to fair notice of those claims so it could defend itself." Mot. at 19.

Indeed, WhiteWater went well beyond its disclosure obligations. At the final pretrial conference, counsel for WhiteWater confirmed it would only be seeking to pursue nine invalidity grounds. Dkt. 443 23:1-3. When ProSlide, again, asked WhiteWater to identify those grounds, the Court noted that he is "not sure that I feel comfortable ordering them to tell you which nine. That's why you have a rebuttal case." *Id.* 23:24-24:8. Ultimately, in an effort to be cooperative, WhiteWater disclosed the 6 prior art invalidity grounds it would be pursuing. Taché Dec. ¶ 18.

[4] WhiteWater's prior art combinations were never equivalent to ProSlide's cited case law. As noted by ProSlide, at most, WhiteWater proposed 25 prior art references. Mot. at 20. However, by the time of trial, several of these grounds had either been dismissed or had become moot. Taché Dec. ¶¶ 19-20.

### 5. WhiteWater's pretrial conduct was reasonable.

ProSlide also faults WhiteWater for its handling of several pre-trial issues. *First*, it alleges that WhiteWater improperly refused to stipulate in the joint pre-trial order to certain facts that, it says, were "nearly identical" to others that WhiteWater admitted earlier in the case. Mot. at 9. Not surprisingly, WhiteWater did so only after ProSlide removed language stating that it was "informed and believed" those facts were true—an important qualification—and because ProSlide sought to include an incomplete version of WhiteWater's interrogatory response. *See* Dkt. 535-4; Taché Dec. ¶ 16. Moreover, ProSlide misrepresents that WhiteWater admitted under oath the information in paragraph 14 of its Answer to ProSlide's Second Amended Complaint. Mot. at 9; Taché Dec. ¶ 17. And WhiteWater's expert merely confirmed that the list of rides was outside the scope of his report. *See* Berlenbach Dec. Ex. E at 15-21. Thus, these facts were not "already admitted" as ProSlide claims.

*Second*, ProSlide claims that WhiteWater sought, in bad faith, to include David Reese, one of ProSlide's trial attorneys, on its witness list. Mot. at 10-11. But Mr. Reese's testimony was relevant to WhiteWater's inequitable conduct claim and to its inventorship defense since he was the prosecuting attorney responsible for the '783 Patent. This became especially apparent at trial, when Rick Hunter, the listed inventor on the '508 and '783 Patents, waived privilege regarding the advice of counsel he received (from Mr. Reese) regarding inventorship at the time of the '783 patent application. *See* Dkt. 455 8:19-9:11. While the Court ultimately overruled

WhiteWater's request for a mistrial on this issue, WhiteWater plans to renew its argument in its new trial motion.[5]

*Third*, ProSlide criticizes WhiteWater for moving to preclude ProSlide's assertion of privilege regarding certain design specification documents. Mot. at 12. As detailed in WhiteWater's MIL, ProSlide failed to claw back all of the versions of the allegedly privileged document, including versions used in depositions of ProSlide personnel, and, thus, waived privilege. Dkt. 357 at 5-7. WhiteWater raised this issue before trial in order to avoid a sensitive dispute before the jury or at sidebar. While the Court found WhiteWater's motion untimely (even though it was ProSlide's burden to make the claw-back request), this does not render WhiteWater's conduct exceptional.

*Fourth*, ProSlide claims that WhiteWater improperly moved for supplemental claim construction and for clarification of the Court's order on claim construction. *See* Mot. at 14-15; Dkts. 313, 315-1, and 344. Both motions, however, were necessary. The construction issue WhiteWater raised in its supplemental motion did not arise until *after* the Court had defined certain terms, such as "sliding surface" in the '783 Patent. *See* Dkt. 315-1 at 10-11. As to the motion for clarification, the Court noted that WhiteWater "correctly points out that unlike elsewhere in the Order, the Court did

[5] WhiteWater dropped Mr. Reese as a witness shortly after the Court denied WhiteWater's motion to amend its pleadings to include a claim for inequitable conduct. Nonetheless, ProSlide admits that it also sought to include "WhiteWater's lead counsel as a trial witness under WhiteWater's same flawed reasoning." Mot. at 11. Thus, if WhiteWater's reasoning for including Mr. Reese is unsupported as ProSlide contends, then its own eye-for-an-eye efforts would be equally (if not more) egregious.

not explicitly state that the claim terms at issue here are not indefinite," and resolved that point in its clarifying order.[6] Dkt. 397 at 3. There is no exceptional conduct here.

*Fifth*, ProSlide argues that WhiteWater used motions in limine to relitigate already-decided issues. Mot. at 15. It is unclear which motions it means. *See id.* (indicating redundant briefing in MILs 1, 7, and 12, but citing the docket for MILs 7, 11, and 12). In any case, WhiteWater's MILs were not exceptional. For example, WhiteWater renewed certain arguments in its MIL 1 related to Mr. Young's inconsistent testimony in his expert report in light of the Court's claim construction order issued *after Daubert* motions. And the Court *granted*, in part, WhiteWater's MIL 11 to exclude additional testimony from Mr. Young's expert report. Dkt. 433 11:5-10. ProSlide's summary argument regarding the alleged duplicate efforts in its responses to the above motions are equally unavailing for the same reasons.[7] Mot. at 17.

*Sixth*, ProSlide claims that when WhiteWater filed separate motions in limine, rather a single omnibus motion, its approach failed to comply with "local practice" (Mot. at 15-16)—but no such "local practice," Local Rule, or court order exists, and this Court has addressed multiple motions in limine in other cases. *See, e.g.*, *Hatch v.*

---

[6] These motions were necessary to preserve the claim construction issues for appeal. *See Enovsys LLC v. Nextel Commc'ns, Inc.*, 614 F.3d 1333, 1344 (Fed. Cir. 2010).

[7] In particular, ProSlide's description of WhiteWater's MIL 9 as "arguing against parts of ProSlide's [MIL] in an affirmative motion rather than in response to ProSlide's motion" is misleading, at best. Mot. at 17. If there was overlap between the motions, ProSlide's summary conclusion that it is entitled to move for the relief it wants and WhiteWater must be limited to responding to that motion is not supported. The extent of coverage of the two motions differed. WhiteWater was entitled to seek its own affirmative relief.

*GeoVera Specialty Ins. Co.*, 2019 WL 2515926, at *1 (M.D. Fla. June 18, 2019); *Harris v. M.C. Dean, Inc.*, 2018 WL 8139344, at *1 (M.D. Fla. Apr. 10, 2018).

**6. WhiteWater's standing argument was proper.**

ProSlide asserts that WhiteWater's Motion to Dismiss for Lack of Standing was a "desperate" attempt to avoid trial (Mot. at 18-19), but WhiteWater repeatedly raised the issue in the pretrial phase, after ProSlide's witnesses, including its 30(b)(6) witness, testified that they were not sure that ProSlide owns the asserted patents and that another entity may in fact own them, and after it became clear that ProSlide was not going to produce any documents or testimony establishing its ownership. Dkt. 312-1 ¶ 7. WhiteWater's conduct was not exceptional. Indeed, the Court found that WhiteWater "presented evidence sufficient to create an issue of fact as to whether Plaintiff is the actual owner of the Asserted Patents," and did not deny the motion, but deferred it to trial, to see whether any further relevant evidence was provided. Dkt. 411 at 8-9. But none ever was. Tellingly, ProSlide's motion does not cite anything in support of standing. Mot. at 18. WhiteWater's standing motion is still pending.

**7. WhiteWater's trial conduct was proper.**

WhiteWater's actions at trial do not come close to "exceptional" conduct. *First*, ProSlide complains that WhiteWater's opening statement included a slide of a Monopoly game board and statement that monopolies were "bad for competition." Mot. at 22 (citing Dkt. 448 65:13-14.) But the Court explicitly stated that WhiteWater did not do "anything untoward". Dkt. 448 96:3-6. ProSlide also says that WhiteWater referenced 11 exhibits in its opening that were never admitted to evidence (Mot. at 23)

but does not identify those exhibits. The Court's exclusion of those exhibits negatively affected WhiteWater, not ProSlide, and does not indicate exceptional conduct.

*Second*, ProSlide says that WhiteWater's opening entailed a "blatant" violation of the Court's order because counsel referred to the '508 Patent. But the Court did not appear to agree with ProSlide's assessment of WhiteWater's opening. Dkt. 448 89:15-91:9. Moreover, as discussed in WhiteWater's motion for sanctions (Dkt. 514), and as will be discussed in its motions for JMOL and new trial, exclusion of any reference to the '508 Patent created a significant issue that ProSlide exploited to mislead the jury. And further, on the slides ProSlide's own expert used to present his testimony to the jury, he referenced claims and patents that were dismissed. Dkt. 462 35:17-36:13.

*Third,* ProSlide claims that WhiteWater produced to ProSlide its planned opening slides out of order in order to conceal certain of them. Mot. at 21-22. But there was no bad intent and no prejudice as, approximately 1.5 hours later and before the parties met and conferred on the slides, WhiteWater re-produced them in the same order displayed in its opening. Taché Dec. ¶ 21.

*Fourth,* ProSlide also complains that WhiteWater's expert, Dr. Stevick, conducted an in-person inspection of the Tailspin during trial, and that WhiteWater tried to "slide" a photo of that inspection into his presentation. That is false. WhiteWater disclosed its slides to ProSlide before Dr. Stevick's testimony, which is what allowed ProSlide to raise the issue and object. And WhiteWater's counsel explained that Dr. Stevick's inspection was conducted "in response to the issues raised for the first time by Mr. Young" during his trial testimony. Dkt. 483 21:8-18. As

WhiteWater's counsel further explained, the photo was "very limited in scope," and WhiteWater offered to let ProSlide depose Dr. Stevick about the inspection before his trial testimony. *Id.* 21:22-25. Ultimately, the Court excluded the photo, and it was never shown to the jury. *Id.* 22:1-11. Thus, there was no harm to ProSlide.

**8. WhiteWater's trial defenses were proper.**

As also detailed in its response to ProSlide's Motion for Enhanced Damages, WhiteWater made good faith noninfringement and invalidity arguments at trial. In fact, WhiteWater prevailed on its arguments as to the D'804 patent. *See* Dkt. 500. The others should warrant judgment for WhiteWater as a matter of law, but even where a party does not prevail at trial, that does not render conduct exceptional.

ProSlide improperly claims that at trial, WhiteWater focused "almost entirely" on the issue of inventorship. Mot. at 23. Not true. As ProSlide concedes, WhiteWater's technical expert focused on noninfringement, as well as on prior art and enablement defenses. Dkt. 494 155:22-156:4. In any case, WhiteWater's inventorship theory was not "frivolous," as ProSlide claims. Mot. at 23. In fact, the Court told ProSlide that it would deny a Rule 50(a) motion on the issue, because there was sufficient evidence for it to go to the jury. Dkt. 494 158:19-23.

Likewise, WhiteWater's non-infringement, anticipation, and obviousness defenses were presented in good faith and supported by expert testimony. As will be addressed in the JMOL motion, the Court should grant judgment for WhiteWater as a matter of law as to the non-infringement issues, and at least one of the anticipation defenses. That the jury did not accept them hardly indicates that they were frivolous.

*See Droplets*, 2023 WL 3296171 ("While it is true that the Court was ultimately not persuaded by Yahoo!'s license defense, vigorously litigating a defense before it is decided on the merits is not evidence of bad faith."); *Lubby*, 2019 WL 4284509, *2-3.

Importantly, ProSlide never filed a motion for summary judgment related to any of WhiteWater's defenses, and at trial moved for JMOL on only a few. This utterly undermines its current position. *See SiOnyx LLC v. Hamamatsu Photonics K.K.*, 981 F.3d 1339, 1355 (Fed. Cir. 2020) (noting that movant seeking fees failed to move for summary judgment); *U.S. Silica*, 2023 WL 5279146, *4-5 ("[I]f such positions were so objectively weak or unreasonable, U.S. Silica should have moved for summary judgment . . . ."); *Stragent, LLC v. Intel Corp.*, 2014 WL 6756304, at *5 (E.D. Tex. Aug. 6, 2014) ("There is little injustice in forcing Intel to bear its own attorney's fees for defending a claim it did not challenge on summary judgment.").

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorneys' Fees should be denied.

Dated: January 9, 2024 Respectfully submitted,

*/s/ J. Rick Taché*
J. Rick Taché (pro hac vice)
Joshua M. Robbins (pro hac vice)
Vanessa LeFort (pro hac vice)*
Joanne N. Davies (pro hac vice)
Deborah S. Mallgrave (pro hac vice)
Robert M. Dato (pro hac vice)
Benjamin C. Deming (pro hac vice)
Catherine Maness (pro hac vice)**

Colin Jennings (pro hac vice)***
Brian R. Shaw (pro hac vice)
BUCHALTER, APC
18400 Von Karman Ave., Suite 800
Irvine, CA 92612
rtaché@buchalter.com
jrobbins@buchalter.com
vlefort@buchalter.com
jdavies@buchalter.com
dmallgrave@buchalter.com
rdato@buchalter.com
bdeming@buchalter.com
cmaness@buchalter.com
cjennings@buchalter.com
bshaw@buchalter.com

*Los Angeles Office
**Salt Lake City Office
***San Diego Office

Ryan T. Santurri
(Florida Bar No. 015698)
Allen, Dyer, Doppelt + Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, Florida 32802-3791
rsanturri@allendyer.com

*Attorneys for Defendant WhiteWater West Industries, Ltd.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that that on January 9, 2024, the foregoing document is being uploaded to CM/ECF who will serve all parties of record.

*/s/ J. Rick Taché*
J. Rick Taché