UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| PROSLIDE TECHNOLOGY INC.,<br><br>     Plaintiff,<br><br>vs.<br><br>WHITEWATER WEST INDUSTRIES, LTD.,<br><br>     Defendant. | Case No.: 6:20-cv-02189-CEM-DCI |

**WHITEWATER'S UNOPPOSED MOTION FOR LEAVE
TO FILE UNDER SEAL CONFIDENTIAL MATERIALS
FILED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION FOR JUDGMENT AS A MATTER OF LAW (DKT. 569)**

Defendant/Counterclaimant WhiteWater West Industries, Ltd. ("WhiteWater"), through counsel, hereby files this motion for an order permitting the Parties to file an unredacted version of ProSlide's Opposition to Defendant's Motion for Judgment as a Matter of Law (Dkt. 569) under seal[1].

I. **INTRODUCTION**

WhiteWater filed a Motion for Judgment as a Matter of Law. ProSlide Technology Inc. ("ProSlide") filed an Opposition to that Motion (Dkt. 569) ("Opposition"). In the Opposition, ProSlide quotes and relies on information

---

[1] WhiteWater is requesting leave to partially seal only the redacted portion of this document, leaving the redacted version on the docket and visible to the public. WhiteWater is not aware of a means other than partial sealing that will preserve its confidentiality interests.

1

designated by WhiteWater under a confidentiality agreement and protective order signed by both parties to protect it from public disclosure and which were sealed by the Court during trial. All of quoted materials in the Opposition were designated as CONFIDENTIAL – OUTSIDE COUNSEL ONLY pursuant to the terms of the parties Amended Confidentiality Agreement, as the quoted material contains confidential product design information and confidential business information that would place WhiteWater at a competitive disadvantage were they to become publicly available. The quoted materials in the Opposition were also sealed by the Court at the request of WhiteWater during the trial.

II.     **DOCUMENTS TO BE FILED UNDER SEAL**

WhiteWater requests leave to file ProSlide's Opposition under seal. Where the disclosure of confidential, competitive information can result in harm, courts in the Middle District of Florida have granted motions to seal that information. *See, e.g., Robertson v. Alvarado*, No. 3:18-cv-487-J-34MCR, 2018 WL 1899052, at *2 (M.D. Fla. Apr. 20, 2018); *Local Access, LLC v. Peerless Network, Inc.*, No. 6:14-cv-399-Orl-40TBS, 2017 WL 2212786, at *2 (M.D. Fla. May 17, 2017); *Bastian v. United Servs. Auto. Ass'n.*, No. 3:13-cv-1454-J-32MCR, 2014 WL 6908430, at *1–2 (M.D. Fla. Dec. 8, 2014). The document identified herein should be sealed for the same reasons as recognized by this Court in prior decisions.

The Opposition relies on and quotes PTX-1112, PTX-1118, PTX-1142, and PTX-1189 which are exhibits that were admitted at trial. *See* Dkt. 569 at 12, 14. Importantly, the Court sealed PTX-1112, PTX-1118, PTX-1142, and PTX-1189

during trial. *See* Dkt. 494, 19:19-25 (PTX-1112, PTX-1142, PTX-1189); Dkt. 461, 11:21-22, 13:14-15 (PTX-1118). These exhibits, including the portions excerpted in the Opposition, contain sensitive and confidential product design information and business information related to competitive decision making of WhiteWater that is not available to the public. The exhibits also contain information that is commercially sensitive and would put WhiteWater at a competitive disadvantage if made available to the public. The exhibits were further designated as CONFIDENTIAL – OUTSIDE COUNSEL ONLY under the protective order.

### III. PROPOSED DURATION OF THE SEAL

WhiteWater requests that the Court seal the requested Opposition for the duration of this lawsuit and any subsequent appeal. *See* M.D. Fla. L.R. 1.11(f) ("No seal under this rule extends beyond ninety days after a case is closed and all appeals exhausted). After this time period has expired, counsel for WhiteWater will make arrangements at their own cost to retrieve the sealed materials and properly dispose of them.

### IV. THE NAME, MAILING ADDRESS, EMAIL ADDRESS, AND TELEPHONE NUMBER OF THE PERSONS AUTHORIZED TO RETRIEVE A SEALED ITEM

All counsel of record for WhiteWater in this case may retrieve the sealed copies of the above-referenced confidential materials.

### V. ARGUMENT AND LEGAL AUTHORITY SUPPORTING SEALING

A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden" under Federal Rule of Civil

Procedure 26(c)(1). Fed. R. Civ. P. 26(c)(1). Rule 26(c) permits a court upon motion of a party to make a protective order requiring "that a trade secret or other confidential research, development, or commercial information not be revealed or revealed only in a designated way." Fed. R. Civ. P. 26(c)(1)(G). The prerequisite is a showing of "good cause" made by the party seeking protection. Fed. R. Civ. P. 26(c)(1).

Federal courts have superimposed a balancing of interests approach for Rule 26's good cause requirement. *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir.1985) (citations omitted). "This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential." *Chicago Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir. 2001); *see Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597, 98 S.Ct. 1306, 1312, 55 L.Ed.2d 570 (1978) (holding the public's right to inspect and copy is not absolute, and a judge's exercise of discretion in deciding whether to release judicial records should be informed by a "sensitive appreciation of the circumstances that led to ... [the] production [of the particular document in question."). Specifically, the Supreme Court has held that limiting public access to court filings is proper to protect against use of "sources of business information that might harm a litigant's competitive standing." *See Nixon*, 435 U.S. at 598. The Eleventh Circuit also has specifically recognized that "[a] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information," upon a showing of good cause. *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (citing *Nixon*, 435 U.S. at 598).

4

"[W]hether good cause exists ... is ... decided by the nature and character of the information in question." *Chicago Trib. Co.*, 263 F.3d at 1315. When considering whether a party's proprietary or business interests outweigh concerns of public access, a court may balance, among other things, the following factors:

1) whether allowing access would impair court functions or harm legitimate privacy interests;

2) the degree of and likelihood of injury if made public;

3) the reliability of the information;

4) whether there will be an opportunity to respond to the information;

5) whether the information concerns public officials or public concerns; and

6) the availability of a less onerous alternative to sealing the documents.

*Romero*, 480 F.3d at 1246 (citing *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987)). Accordingly, the Court's Discovery Handbook explains that "[i]n certain rare circumstances involving trade secrets or other confidential information, the Court may order the filing under seal of discovery in order to preserve the integrity of the information." Middle District Discovery (2021) at p. 3, Section (I)(C)(2); *see also* L.R. 1.11(c) (permitting filing of motion to seal where document is not otherwise specifically authorized to be filed under seal by statute, rule or order). After considering the factors set forth in Romero, the Court must balance the public disclosure of the information against the injury incurred by the parties if uncontrolled disclosure is compelled. *Romero*, 480 F.3d at 1246.

BN 80906581v1

Filing under seal is appropriate in circumstances where, as here, the dispute involves claims for patent infringement that necessarily rely upon highly-sensitive and confidential technical product design information and confidential business information – sealing is necessary to preserve the integrity of that information. Good cause exists to seal the Opposition because: (1) it contains sensitive and confidential product design information and confidential business information; (2) disclosure of the sensitive and confidential product design information and confidential business information would harm the current and future business interests of WhiteWater; and (3) no less restrictive alternatives exist to sealing.

## VI. CONCLUSION

As set forth herein, there is good cause for allowing a copy of Plaintiff's Opposition to Defendant's Motion for Judgment as a Matter of Law to be filed under seal.

BN 80906581v1

Respectfully submitted February 9, 2024.

/s/ *Catherine Maness*
J. Rick Taché (pro hac vice)
Vanessa LeFort (pro hac vice)*
Joanne N. Davies (pro hac vice)****
Benjamin C. Deming (pro hac vice)
Joshua M. Robbins (pro hac vice)
Catherine Maness (pro hac vice)**
Colin Jennings (pro hac vice)***
Brian R. Shaw (pro hac vice)
Robert M. Dato (pro hac vice)
Deborah S. Mallgrave (pro hac vice)

BUCHALTER, APC
18400 Von Karman Ave., Suite 800
Irvine, CA 92612
rtaché@buchalter.com
vlefort@buchalter.com
jdavies@buchalter.com
bdeming@buchalter.com
jrobbins@buchalter.com
cmaness@buchalter.com
cjennings@buchalter.com
bshaw@buchalter.com
rdato@buchalter.com
dmallgrave@buchalter.com

*Los Angeles Office
**Salt Lake City Office
***San Diego Office
****Seattle Office

Ryan T. Santurri
Florida Bar No. 015698
rsanturri@allendyer.com
Allen, Dyer, Doppelt + Gilchrist, P.A.
255 South Orange Avenue, Suite 1401
Post Office Box 3791
Orlando, Florida 32802-3791

*Attorneys for Defendant*
*WhiteWater West Industries, Ltd.*

## LOCAL RULE 3.01(g) CERTIFICATION OF CONFERRAL

Pursuant to L.R. 3.01(g), counsel for moving party WhiteWater has conferred with counsel for ProSlide regarding the relief sought herein on February 7, 2024. ProSlide has indicated through counsel that it does not oppose the relief sought herein.

<i>/s/ Catherine Maness</i><br>
Catherine Maness

BN 80906581v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 9, 2024, the foregoing document is being uploaded to CM/ECF who will serve all parties of record.

/s/ *Catherine Maness*
Catherine Maness

BN 80906581v1